UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL WALKER, )<br>)<br>    *Plaintiff,* )<br>)<br>  v. )<br>)<br>BRENT RICHIE, *Maintenance Forman*; )<br>UNNAMED YARD OFFICER 1; UNNAMED )<br>YARD OFFICER 2; and UNNAMED YARD OFFICER 3, )<br>)<br>    *Defendants.* ) | No. 2:25-cv-00017-JMS-MJD |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Michael Walker is a prisoner currently incarcerated at the Wabash Valley Correctional Facility ("WVCF"). He filed this lawsuit alleging that Defendant Brent Richie who he identifies as "Maintenance Forman" became aware of a planned attack on him and failed to report it, and that Defendants Unnamed Yard Officer 1, Unnamed Yard Officer 2, and Unnamed Yard Officer 3 left their posts near the medication window, which left Mr. Walker susceptible to attack in that location and consequently resulted in his attack, in violation of his Eighth Amendment rights under 42 U.S.C. § 1983 and state negligence law. [Filing No. 2.] Because Mr. Walker is incarcerated, this Court must screen his complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

**I.**
**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

1

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### THE COMPLAINT

Mr. Walker's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He bases his claims on the following allegations.

Mr. Walker invokes the Eighth Amendment and state negligence law as to all Defendants. [Filing No. 2 at 2-4.] Mr. Walker alleges that Mr. Richie "became aware of a planned attack on the plaintiff from another offender maintenance worker and failed to report the attack to his supervisors or the Office of Information and Investigation," and that Mr. Walker suffered serious bodily injury from the attack. [Filing No. 2 at 2-4.] He alleges that Mr. Richie had a duty to report any knowledge that an inmate was going to be assaulted or attacked and that he failed to do so, which caused Mr. Walker to suffer injury. [Filing No. 2 at 2-3.] He also alleges that Unnamed Yard Officer 1, Unnamed Yard Officer 2, and Unnamed Yard Officer 3 "failed to man and execute their post orders properly which subjected [him] to serious bodily injury." [Filing No. 2 at 4.] He contends that they had a duty to be "following post orders" to monitor the medication window to ensure order among inmates, but that they failed to do so. [Filing No. 2 at 5.] Mr. Walker seeks relief in the form of monetary damages, facial reconstructive surgery, and dentures.

## III.
### Discussion

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Walker has identified the theories he wishes to use—the Eighth Amendment and state law negligence. Where a *pro se* litigant has expressly stated the legal theory that he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). The Court analyzes Mr. Walker's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

Mr. Walker's Eighth Amendment and state law negligence claims against the Unnamed Yard Officers are **DISMISSED** for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). The **CLERK IS DIRECTED** to **TERMINATE** Unnamed Yard Officer 1, Unnamed Yard Officer 2, and Unnamed Yard Officer 3 as defendants on the docket. If through discovery, Mr. Walker is able to learn the name of the unknown defendants, he may seek leave to file an amended complaint to add a claim against them.

As to Mr. Walker's Eighth Amendment claim against Mr. Richie, this claim **SHALL PROCEED**. Prison officials have a duty under the Eighth Amendment to protect inmates from violent assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). They incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to

3

[an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); s*ee also Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010). Mr. Walker has alleged as much in connection with Mr. Richie.

As to Mr. Walker's state law negligence claim, when a district court has original jurisdiction over a civil action, as it does here, it also has supplemental jurisdiction over state law claims that "are so related to claims in the action" over which the court has "original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution." 28 U.S.C. § 1367(a). At this stage, it appears that Mr. Walker's negligence claim is closely related to his Eighth Amendment claim because both claims are based on the same allegations—Mr. Richie's alleged breach of his duty to report his knowledge of a planned attack on Mr. Walker, which caused Mr. Walker seriously bodily injury. Accordingly, the Court will exercise supplemental jurisdiction over that claim, and the claim **SHALL PROCEED**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Walker believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 13, 2025** in which to file a motion to reconsider the screening order.

## IV.
### CONCLUSION AND SERVICE OF PROCESS

The following claims are proceeding in this action: an Eighth Amendment claim and a state law negligence claim against Mr. Richie. All other claims have been dismissed. The **CLERK IS DIRECTED** to **TERMINATE** Unnamed Yard Officer 1, Unnamed Yard Officer 2, and Unnamed Yard Officer 3 as defendants on the docket.

The **CLERK IS DIRECTED** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendant Brent Richie, *Maintenance Forman*, in the manner specified by Rule 4(d). Process shall consist of: (1) Mr. Walker's Complaint filed on January 8, 2025, Filing No. 2; (2) applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons); and (3) this Order.

The **CLERK IS DIRECTED** to serve Brent Richie, *Maintenance Forman*, who is an employee of the Indiana Department of Correction, electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Federal Rule of Civil Procedure 12.

**IT IS SO ORDERED.**

Date: 5/16/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

MICHAEL WALKER
190011
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Brent Riche, Maintenance Foreman
    (At Wabash Valley Correctional Facility)